You and your firm were appointed to represent the petitioner in this case. We thank you for your appointment, assistance to the court and your assistance to your client. The next case for oral argument this morning is United States v. Vincent Nichols, 22-2422. Mr. Daniels is appearing remotely. Just one moment, please, Mr. Daniels. Yes, thank you. Whenever you're ready, you may proceed. Okay, thank you. Mr. Daniels, we are getting feedback on you. I'm sorry. Is this better? Just a moment, please. Let's stop the clock for a minute. I apologize. Do you have any recommendations? If you could sit back just a little bit, let me hear you, please. Is this better where I am now? That's better where you are. Okay, we'll put the clock back up and you may proceed. Thank you. This is a case in which the district court denied the motion to suppress. And we believe that this court should overturn. Basically, what occurred was that there were 15 individuals at a street corner. The sergeant was observing them. The individual had a pile of liquor and ended up in a vehicle with three other vehicles driving the vehicle. Mr. Daniels, can I just confirm, please, that you were only challenging the lawfulness of the traffic stop here, correct? That is completely accurate, Judge. You were not challenging the legality of the search of the car after the traffic stop. Is that correct? That is correct. Once the vehicle was stopped, there was illegal marijuana in the car. There was all sorts of smoke in the car from marijuana use. Clearly, the issue is whether or not the initial stop was reasonable under the circumstances. And do you agree that if the officers who conducted the initial stop had reasonable suspicion that there was an outstanding warrant for your client, that the traffic stop was lawful? Yes. Okay. So what you dispute is that there was enough for the court to make a determination that the officers had that reasonable suspicion about the warrant. Is that accurate? That is correct. The problem of the case was that the evidence presented at the hearing was so confusing and so incomplete that no court can find that there was a reasonable stop because of the warrant. How do you get around the fact, assume your statement is accurate, that there were inconsistencies in the officer's testimony about who found out about the warrant and who told who? How do you get around the audio recording in this case where it's clear that Officer Hodges told your client when he pulled him over that there was an outstanding warrant for his arrest? The testimony and the court found that after they pulled the car over, they checked and all police officers testified that they checked whether or not there was a warrant. This is after they pulled the car over, not before they pulled the car over. Mr. Daniels, I'm sorry. Can I just want to make sure I have the facts correct? The warrant is for the driver. Yes. The warrant, is there an outstanding warrant for Nichols? They said there was a traffic warrant. I don't think it was produced at the hearing. A traffic warrant for Nichols? No, for the driver. That's what I'm making sure. And so it's the driver that there is an outstanding warrant for? A traffic warrant, yes, Your Honor. You indicated Nichols, and so that's why I was wanting to make sure. I meant Mr. Andrews, the driver, had the traffic warrant. And the court found, in fact, that the reason why the stop was reasonable because of the body cam evidence that showed that there was an actual warrant, and they told Mr. Andrews that there was a warrant. But the evidence was clear that both officers determined that the warrant was in existence after they pulled the vehicle over. How does that correlate with Smiles' testimony at the hearing? It doesn't. Smiles' testimony is completely different than the other two police officers, which is bizarre by itself. In fact, I think Smiles' testimony was brought out plainly by myself. It showed that there would have been reasonable cause to pull over the vehicle. But the problem we have in this case is Smiles was not driving the police car. And Rogers, who was driving the police car, testified that Smiles told him about the warrant. So the evidence was not only contradictory, but totally confusing. And in fact, the district judge determined that the testimony was confusing. And the police attorney's position was, well, it was a year and a half ago. And in my opinion, even if it was five years before, there should have been some consistency with the police officer's testimony. Can we find that the district court clearly erred in its determination when the officers all testified that they learned about, I think it's Mr. Andrews who was the driver, the outstanding warrant before the stop? I'm not sure I understand the question. The warrant did exist, probably. I mean, there's no dispute as to that. But the officers all testified about that they learned there was this outstanding warrant before the traffic stop took place. I don't believe that Hodges, the driver, determined that there was an outstanding warrant, except that he was told so by the sergeant. No, Hodges said he couldn't remember who told him. But Hodges testimony was clear that he was advised that Andrews had the warrant before the traffic stop. Well, the question is the validity of that. The question is how can we find the district court's ruling here clearly erroneous when although there may be some inconsistencies about who told which officer about the warrant, all of the officers have consistently testified that they knew about the warrant for the driver before they pulled him over. And then we have the audio recording where it's clear they're telling him they're pulling him over because of the warrant. Well, as I explained before, the audio was because they checked the warrant after they pulled over the vehicle. And that was what was so upsetting about the testimony. The problem we have in this case is where it was clear evidence is that we have absolutely no idea as to how they knew the warrant existed and how long was it before they found out that the warrant existed and that they called a hearing. It could have been two years ago because Sergeant Sylvester initially told them to pull him over, said he knew the driver, Andrews, and he's known him for a long period of time. Mr. Daniels, you're into your rebuttal time if you want to save a little bit. Thank you, Your Honor. I'm done then. Okay, thank you. Ms. Boyle? Good morning, Your Honor. Good morning. My name is Catherine Boyle on behalf of the United States. Your Honor, this is a straightforward case. Defense counsel has conceded that the only challenge he's bringing is to the propriety of the traffic stop. But the district court correctly denied that motion to suppress and determined the stop was justified because the driver, Courtney Andrews, had an arrest warrant. Ms. Boyle, without the body cam footage, what is the probable cause? The officer's testimony, admittedly, was a bit inconsistent as to when and how they learned about the warrant, but all the officers testified that they knew about the warrant before the stop. This suppression hearing was taking place nearly a year and a half after the stop itself. Hodges was, in fact, quite honest in that he didn't completely remember how he had learned about it. He just knew he knew. And in this case, of course, we do have the video, fortunately, which shows as soon as they got out of the car, he asked Mr. Andrews to step out, and he says, you have an outstanding warrant. Mr. Andrews actually asks him what kind, and he tells him it's a traffic warrant. So, really, on this record, and the standard of review is important here, too, there's no clear error when the district court determines that the officers knew about the warrant on the basis of this testimony and on the basis of this video. What about the argument from Mr. Daniels that they didn't know of the warrant until after the car had been stopped, and then at that point, they confirmed that there was a warrant? Well, First Your Honor, that sounds unlikely to me. They were following this car for more than a mile, and there's no reason that they wouldn't have looked up the warrant before that time. It's also inconsistent with the officer's testimony, which the district court found credible, and this court owes that determination great deference. Even assuming that there was time for the officer to do that before they got out of the car, which is certainly not clear, this just isn't a case where you can find clear error on the district court, that the district court clearly erred based on that. Was there a CAD ran on the case? Pardon? Was there a CAD? Was there a timing as to when he would have ran the driver's name? So, there was a little bit of... When Smiles would have ran it, I'm sorry. Officer Smiles testified that he ran his name in Leeds, but he didn't say at exactly what time he did that, but based on the overall testimony, it seems pretty clear that he did it as they were looking for Mr. Andrews after they were notified by Sergeant Sylvester. Again, Mr. Counsel for Mr. Nichols has conceded that this is the sole challenge that they're bringing on appeal. Remaining arguments are therefore waived. Your Honor, if the court has no further questions, the government will rest on the arguments and it's brief. Thank you. Thank you. Mr. Daniels? Just briefly, one of the issues I brought out at the motion to suppress was the fact that the two police officers had followed this vehicle for what seems like a lengthy period of time before they pulled him over. And I had some concerns as to what the reason behind that was. And to this day, I think that there could be circumstantial evidence that they delayed the process of the matter because they didn't have probable cause to. The second issue I'd like to bring up is that they said in specific police rules that they check on the routes after every stop. And I'm not sure that's accurate. And that goes, again, to the court's ruling that they had probable cause. But senior found that all the evidence was confusing. And it didn't make any sense, Judge. I think this court should look at this as potential deception by all three police officers. Thank you. Thank you, Mr. Daniels. The court will take the case under advisement. And, Mr. Daniels, I understand you're appointed counsel in this case? Yes. Thank you for your service to the court and your service to your client in the case. You're welcome.